

# Fourth Court of Appeals
## San Antonio, Texas

January 16, 2019

No. 04-19-00023-CR

Murjan Issack **ABDI,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR8191B
Honorable Sid L. Harle, Judge Presiding

# O R D E R

Appellant pled guilty to two counts: capital murder and aggravated robbery with a deadly weapon. On April 6, 2018, the trial court found Appellant guilty of the offenses, and it sentenced him on each count to confinement for thirty-five years in the Texas Department of Criminal Justice—Institutional Division, with the sentences to run concurrently.

The record does not show that Appellant filed a motion for new trial or any other postjudgment motion that would extend the appellate timetable. *See* Tex. R. App. P. 22.5, 26.2(a)(2). Appellant's notice of appeal was due on May 7, 2018. *See* Tex. R. App. P. 26.2(a)(1). On January 8, 2019, Appellant filed a notice of appeal—which was about eight months late.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely motion for new trial, a defendant's notice of appeal is timely filed if it is filed within thirty days after (1) the day sentence is imposed or suspended in open court, or (2) the day the trial court enters an appealable order. *See* Tex. R. App. P. 26.2; *Olivo*, 918 S.W.2d at 522. In this case, the appellate record does not show that Appellant's notice of appeal was timely filed.

A late notice of appeal may be considered timely and invoke a court of appeals' jurisdiction if it meets the following requirements:

(1) it is filed within fifteen days of the last day allowed for filing,

(2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and

(3) the court of appeals grants the motion for extension of time.

*Olivo*, 918 S.W.2d at 522; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (stating that an out-of-time appeal from a final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure).

We ORDER Appellant to show cause in writing within TWENTY DAYS of the date of this order why this appeal should not be dismissed for want of jurisdiction. *See Olivo*, 918 S.W.2d at 522; *Ater*, 802 S.W.2d at 243.

Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 16th day of January, 2019.

KEITH E. HOTTLE,
Clerk of Court